UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. GONZALEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RAYMOND MADDEN, Warden,<br><br>　　　　Respondent. | Case No.: 1:21-cv-00105-KES-HBK (HC)<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 1, 35 |

　　　Petitioner Juan C. Gonzalez is a state prisoner proceeding pro se with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　On February 20, 2025, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied as without merit and that the Court decline to issue a certificate of appealability. Doc. 35. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. After receiving an extension of time, Doc. 37, petitioner filed objections on May 5, 2025, Doc. 38.

　　　Petitioner's objections only request a certificate of appealability. Petitioner articulates the legal standard for whether to grant a certificate of appealability—that "jurists of reason could

1

1  disagree with the district court's resolution of his constitutional claims or that jurists could
2  conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-*
3  *El v. Cockrell*, 537 U.S. 322, 327 (2003)—but does not make any argument as to how the
4  findings and recommendations were debatable or wrong. *Id.*

5       In accordance with 28 U.S.C. § 636(b)(1), this Court has reviewed this case de novo.
6  Having carefully reviewed the file, including petitioner's objections, the Court concludes the
7  findings and recommendations are supported by the record and proper analysis.

8       A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather
9  an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. at 335–36; 28
10 U.S.C. § 2253.  If the Court denies a habeas petition on the merits, the Court may issue a
11 certificate of appealability only "if jurists of reason could disagree with the district court's
12 resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues
13 presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327;
14 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the
15 merits of his case, he must demonstrate "something more than the absence of frivolity or the
16 existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

17      The Court finds that reasonable jurists would not find the Court's determination that the
18 petition should be denied debatable or wrong, or that the issues presented are deserving of
19 encouragement to proceed further.  Petitioner has not made the required substantial showing of
20 the denial of a constitutional right.  Therefore, the Court declines to issue a certificate of
21 appealability.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based upon the foregoing, the Court ORDERS:

1. The findings and recommendations issued on February 20, 2025, Doc. 35, are ADOPTED in full;
2. The petition for writ of habeas corpus, Doc. 1, is DENIED;
3. The Court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   June 20, 2025

_____
UNITED STATES DISTRICT JUDGE